### UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF KENTUCKY
### LEXINGTON DIVISION

IN RE:                                                      CHAPTER 13

SONJA S. KEATING                      CASE NO. 13-52830

DEBTOR

## MOTION FOR AUTHORITY TO ALLOW THIRD PARTY
## TO PAY PRIVATE SCHOOL TUITION

Comes the Debtor, **SONJA S. KEATING**, by and through Counsel, and hereby moves the Court to allow the Debtor's employer to make a direct gift to the private school to pay tuition of $1,332/month during the course of this plan.  As grounds for said Motion, the Debtor states as follows:

1.     At the hearing on June 4th, the Court delivered its opinion as to confirmation of the Debtor's amended plan to increase the plan payments, in part, by $1,332 for disallowance of the category of private school tuition for two of the Debtor's children;

2.     Based upon this Court's ruling and the Debtor's expected performance in the stressful exercise of her job duties, the Debtor's employer has offered to make a gift directly to the schools to alleviate the concerns that the Debtor explained to the Court at the confirmation evidentiary hearing;   See attached letter.

3.     This proposed gift would not be considered or included as part of the Debtor's annual bonus;

4.     This proposed gift would not be considered as disposable income of the Debtor;

5.     This proposed gift is conditioned upon approval of this Court;

6.     This proposed gift would include an additional sum in an amount necessary to cover Debtor's tax consequences as a result of this gift.

The Debtor therefore moves this Court for permission to allow the employer to make such gift without the Chapter 13 Trustee treating this gift as disposable income for purposes of increasing the plan payments.

Respectfully submitted,

**BUNCH & BROCK**

BY:    **/s/ Caryn L. Belobraidich**
**CARYN L. BELOBRAIDICH, ESQ.**
271 W. Short Street
805 Security Trust Building
PO Box 2086
Lexington, KY 40588-2086
(859) 254-5522
**ATTORNEYS FOR THE DEBTOR**

## NOTICE OF HEARING

**NOTICE IS HEREBY GIVEN** that the foregoing Objection shall be heard before this Court

on Thursday, July 14, 2014, at the hour of 9:45 a.m. or as soon thereafter as Counsel may be heard

before this Honorable Court in the United States Bankruptcy Court for the Eastern District of

Kentucky, 100 East Vine Street, 3rd Floor, Lexington, Kentucky.

## CERTIFICATE OF SERVICE

This is to certify that this the 1st day of July, 2014, a true and correct copy of the foregoing
was served electronically by the Clerk of the Bankruptcy Court in the method established under
CM/ECF Administrative Procedures Manual and the Local Court Standing Order dated July 25,
2002, to all attorneys of record via CM/ECF.

**/s/ Caryn L. Belobraidich**
**CARYN L. BELOBRAIDICH**



**UNITED STATES EQUESTRIAN FEDERATION**
THE NATIONAL GOVERNING BODY FOR EQUESTRIAN SPORT

July 1, 2014

Chief Judge Tracey N. Wise
United States Bankruptcy Court
Eastern District of Kentucky
Lexington, KY 40507

Dear Honorable Wise:

Sonja S. Keating, a debtor in a Chapter 13 bankruptcy under your jurisdiction, serves as the Senior Vice-President and General Counsel for the United States Equestrian Federation. Ms. Keating has served U.S. Equestrian for approximately 8 ½ years. She is highly regarded in her role and her performance is exceptional. She is a valuable asset to the organization.

I understand that during a hearing recently, the Court learned about some of the challenges that Ms. Keating faces as a result of her divorce and her ex-husband's failure to participate in the lives of their three daughters in any positive or meaningful manner. The girls continue to cope with their father's addiction as well as his absence in their lives.

Ms. Keating's role for U.S. Equestrian is very demanding of her time and it requires her to travel extensively. It is well known in the workplace that she relies heavily on the small school community where her daughters have attended school in order to maintain consistency and stability in the girls' lives. The small communities serve as partnerships to her as a single mom without siblings or family members who can help on a regular or substantial basis.

Following the announcement of the Court's decision to disallow two of the Keating girls to continue private school, it became clear that this decision and the required transition would negatively impact Ms. Keating's ability to perform at the level we expect. The distress was noticeable and she was unable to work from the office due to physical manifestations from the stress.

We are currently in the process of selection of eight teams to represent the United States at the 2014 World Equestrian Games in Normandy, France in August/September. This happens to coincide with the start of school in Fayette County. The work and effort to accomplish this successfully has begun and will continue throughout the summer. Ms. Keating is required to manage all Code of Conduct issues, eligibility issues, and grievances from athletes. She must be available 7 days a week because we have athletes in Europe in training at this time and when a dispute arises, it must be resolved immediately.

It is critical to the success of our efforts in Normandy and in preparation for the Pan American Games in 2015 that we retain Ms. Keating in her position and that she's fully focused without unnecessary distractions. As such, U.S. Equestrian requests your permission to pay directly to the schools the tuition for two of the girls in the amount that was disallowed by the Court (approximately $1233.00 per month plus an amount to ensure that no tax liability will be owed). It must be noted that this is not a bonus and will not be considered in any bonus program. Moreover, this is not a pay increase. This is an effort to



**UNITED STATES EQUESTRIAN FEDERATION**
THE NATIONAL GOVERNING BODY FOR EQUESTRIAN SPORT

Chief Judge Tracey N. Wise
July 1, 2014
Page 2

retain a valuable employee and ensure her peak performance. Importantly, this gesture is for the tuition payments only. It is not an allowance that will be paid to Ms. Keating for her to spend as she wishes. This is conditional on the youngest daughter attending The Lexington School and the eldest daughter attending Sayre School on the terms and conditions disclosed to this Court at the evidentiary hearing.

In closing, I wish to inform the Court that Ms. Keating's commitment to the well-being of her daughters and her responsibilities at work are known to everyone who knows her. She does not take these responsibilities lightly. I urge the Court to grant this request and please allow her employer to do what we believe is in the best interest of our organization.

Best Regards,

Christopher C. Welton
Chief Executive Officer

